UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-CV-23980-SCOLA/GOODMAN

LILIAN GARCIA TRUJILLO,

    Plaintiffs,

v.

MERICK GARLAND, Attorney General of
the United States et al.,

    Defendants.

_____/

## ORDER PERMITTING SUR-REPLY

Plaintiff filed a petition for a writ of mandamus, which requests that the Court compel U.S. Citizenship and Immigration Services ("USCIS") to adjudicate her Form I-526, Immigrant Petition by Alien Investor. [ECF No. 1].

Defendants filed a motion to transfer venue, seeking to have this Court transfer Plaintiff's case to the District Court for the District of Columbia. [ECF No. 6]. Plaintiff filed a response [ECF No. 9] and Defendants filed an optional reply [ECF No. 10]. United States District Court Judge Robert N. Scola referred the motion to the Undersigned "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 8].

Defendants' initial motion argues that transfer is appropriate based on the factors enumerated in 28 U.S.C. § 1404. Plaintiff's response addresses those factors and contends

that transfer is not warranted. In Defendants' reply, they argue for the first time that transfer is *also* appropriate under 28 U.S.C. § 1406. As part of this fresh argument, Defendants now explicitly contend that venue is not even proper in this District and thus, if the case is not transferred, then it will need to be dismissed.

Because this argument is being raised for the first time in Defendants' Reply, Plaintiff was not given an opportunity to respond. Therefore, Plaintiff shall have until February 21, 2023 to file an optional sur-reply addressing Defendants' new argument.[1] Plaintiff's optional sur-reply shall be no more than eight, double spaced pages (excluding signature block and certificate of service).

**DONE AND ORDERED** in Chambers, Miami, Florida, on February 10, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record

---

[1] "[C]ourts usually do not consider arguments raised for the first time in a reply. *Garcia v. Thor Motor Coach, Inc.*, No. 16-20230-CIV, 2016 WL 9376014, at *3 (S.D. Fla. Oct. 13, 2016), report and recommendation adopted, No. 16-20230-CIV, 2017 WL 3112818 (S.D. Fla. Jan. 31, 2017) (collecting cases). However, the Undersigned is exercising my discretion to consider the argument and eliminating any prejudice by permitting a sur-reply. Nonetheless, in the future, if defense counsel wishes to raise a new argument in a reply, then counsel should first seek permission from the Court.